UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIFE FOR RELIEF & DEVELOPMENT,
 a Foreign Not-For Profit Organization,

                    Plaintiff,

vs.                                              Case No:2:12-13550-CV
                                                 Hon.
TALMER BANCORP, INC., d/b/a
Talmer Bank & Trust, a Michigan Corporation,

                    Defendant.

_____

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
S. Hussain Akbar (P67967)
Counsel for Plaintiff
888 West Big Beaver, Ste. 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com

_____

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Life for Relief and Development, by and through its

undersigned counsel, Akeel & Valentine, PLC, and for its Complaint against Defendant, states as

follows:

## PARTIES

1.      Plaintiff, Life for Relief and Development ("Life"), is a foreign, humanitarian not-or

profit organization, which was incorporated under the laws of the State of California, and

-1-

headquartered in the State of Michigan.

2.    Defendant, Talmer Bancorp, Inc., ("Talmer") d/b/a Talmer Bank & Trust, is a for-profit Michigan corporation, incorporated in the State of Michigan, and which does business in the State of Michigan.

3.    This Action arises under 42 U.S.C. § 1981.

4.    Jurisdiction is conferred by 28 U.S.C. §1341, § 1343 (3), and (4).

5.    This action, also, stems from the constitutional challenge of a certain provision of 31 U.S.C. 5311.

## FACTUAL ALLEGATIONS

6.    Life is an American Charity that is operated and controlled by Arab-Americans and persons of Arab racial identity.

7.    The Board of Directors and Officers of Life are of Arab origin.

8.    Life is an American Charity that is operated and controlled by Arab-Americans and persons of Arab origin who are also Muslim.

9.    Life, is a humanitarian and charitable organization that draws the majority of its donations from the Muslim-American and Arab-American communities

10.   Life was founded in 1992 and is dedicated to alleviating human suffering around the world, regardless of race, color, religion or cultural backgrounds.

11.   Life has Consultative Status with the Economic and Social Council of the United Nations.

12.   Life is also certified by the Combined Federal Campaign (CFC), which promotes philanthropy among all federal employees.

13.     Life is a member of InterAction, the largest alliance of American international development and humanitarian non-governmental organizations.

14.     Life has provided over two Hundred and fifty Million ($250,000,000) Dollars in humanitarian assistance to Millions of Beneficiaries across the globe.

15.     Life has partnered with the Department of Defense (Pentagon) in delivering thousand of wheelchairs in Afghanistan.

16.     Life was the largest Oakland Country non-profit organization to donate humanitarian assistance to the Country of Haiti, during their most recent earthquake.

17.     Life provided basic emergency assistance to victims of man-made and natural disasters, here in the U.S. including Hurricanes Ike and Katrina.

18.     Plaintiff has engaged in a wide variety of health, education, social, and water and sanitation projects.

## ALLEGATIONS REGARDING THE ACCOUNT

19.     Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

20.     On July 2, 2011, Life opened a business checking account with Defendant Talmer. (**Exhibit A** – Talmer account opening Documents).

21.     Plaintiff had several accounts with Defendant.  (**Exhibit** A).

22.     After less than six (6) months, on December 23, 2011, Defendant Talmer mysteriously decided to close Life's accounts.  (**Exhibit B** – Bank account closure letter).

23.     Defendant Talmer simply stated that it was closing the accounts pursuant to section 2.34 of its contract with Plaintiff.  (**Exhibit B**).

24.   Talmer did not give any reason for the closure of these accounts, simply stating "we can no longer service your accounts." (**Exhibit B**).

25.   Upon information and belief, if Plaintiff was not operated by Muslim-Americans or Arab-Americans, or persons of Arabic origin, Defendant would not have engaged in such conduct as described above.

26.   Upon information and belief, Defendant has treated Plaintiff differently because it is operated by Muslim-American, or Arab-Americans, or persons of Arabic origin.

<u>**COUNT I-VIOLATION OF 42 U.S.C. § 1981**</u>

27.   Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

28.   42 U.S.C. § 1981(a) provides:

> (a) **Statement of equal rights**
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

29.   Further, 42 U.S.C. § 1981(b) provides:

> (b) **"Make and enforce contracts" defined**
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, ***and termination of contracts***, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. (*Emphasis Added*).

30.   With respect to 42 U.S.C. § 1981 the United States Supreme Court has stated that a person of "Arabian ancestry may be protected from racial discrimination under statute guaranteeing equal rights under the law." *Saint Francis College v. Al-Khazraji*, 481 U.S.

604, 107 S.Ct. 2022, 2026-27 (U.S.Pa.,1987).

31.     Corporations can have an imputed racial identity. *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989)(the high court implicitly recognized that corporations can have racial characteristics by allowing white-owned corporation to bring a reverse discrimination challenge); *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053 (9th Cir., 2004) (corporation has standing to assert Section 1981 claims where corporations shareholders are all African American); *Des Vergnes v. Seekonk Water District,* 601 F.2d 9, 13–14 (1st Cir., 1979) (corporation has "implied right of action against any person who, with a racially discriminatory intent, interferes with its right to make contracts with non-whites"); *Hudson Valley Freedom Theater, Inc. v. Heimbach,* 671 F.2d 702 (C.A.N.Y., 1982) (corporation has standing to assert claims of racial discrimination).

32.     Indeed, these cases hold that if a corporation either has acquired an imputed racial identity, or has suffered discrimination harm cognizable under §1981, it has standing to bring action under 42 U.S.C. § 1981. *Thinket,* supra at 1058.

33.     This has been recognized in the Sixth Circuit. *Florence Urgent Care v. Healthspan, Inc.,* 445 F.Supp.2d 871 (S.D.Ohio, 2006).

34.     Further some circuits have brought religious groups under the protection of 42 U.S.C. § 1981, because of well known discrimination against them. *Ortiz v. Bank of America,* 547 F.Supp. 550, 567 (D.C.Cal., 1982). (*See* fn. 25 "Thus, even if the Supreme Court's observation that religious discrimination is not covered by section 1981, it does not necessarily follow that discrimination against Jews would be excluded.")

35.   Plaintiff was subjected to intentional discrimination because it is operated by Arab-Americans and persons of Arab origin.

36.   Plaintiff was subjected to intentional discrimination because it is operated by Muslim and Arab Americans.

37.   Defendant discriminated against Plaintiff because Plaintiff provides humanitarian aid to many Muslim, and Arab countries, and often discharges its duty in fulfilling its donors' religious, and cultural, obligations by providing donations and humanitarian aid consistent with Islam and the beliefs found in the Arab culture.

38.   Had the officers of Plaintiff not been of Arab decent or Muslim, upon information and belief, the bank accounts would still be open.

39.   Had the officers of Plaintiff not been Muslim, upon information and belief, the bank account would still be open.

40.   Defendant had no legitimate business interest for closing Plaintiff's accounts.

41.   As a result of Defendant's actions, Plaintiff sustained losses, including loss of reputation, goodwill, and economic damages.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendant in the amount consistent with the damages sustained, plus costs and attorney fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages, as provided by the applicable law.

Respectfully submitted,

AKEEL & VALENTINE, PLC


__s/ Shereef Akeel_____
Shereef H. Akeel, Esq. P54345
S. Hussain Akbar (P67967)
Attorneys for Plaintiff
888 W. Big Beaver Rd, Ste. 910
Troy, MI 48084
Telephone: (248) 269-9595
Facsimile: (248) 269-9119
shereef@akeelvalentine.com

DATED: August 10, 2012

---

## JURY DEMAND

NOW COMES Plaintiff, LIFE FOR RELIEF & DEVELOPMENT, by and through its
undersigned counsel, Akeel & Valentine, PLC, and hereby demands a Trial by Jury of the above-
referenced cause of action.

Respectfully submitted,

AKEEL & VALENTINE, PLC


__s/ Shereef Akeel_____
Shereef H. Akeel, Esq. P54345
S. Hussain Akbar (P67967)
Attorneys for Plaintiff
888 W. Big Beaver Rd, Ste. 910
Troy, MI 48084
Telephone: (248) 269-9595
Facsimile: (248) 269-9119
shereef@akeelvalentine.com

DATED: August 10, 2012

Complaint_FINAL

-7-