UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIFE FOR RELIEF & DEVELOPMENT,

       Plaintiff,                                No. 12-13550

v.                                            District Judge Denise Page Hood
                                               Magistrate Judge R. Steven Whalen
BANK OF AMERICA, N.A. and
CHARTER ONE BANK, N.A.,

       Defendants.
_____/

## ORDER

      Before the Court are Defendant Charter One Bank, N.A.'s ("Charter One's")Motion for Protective Order Staying Discovery [Doc. #29], Defendant Bank of America, N.A.'s ("BANA's") notice of joinder/concurrence [Doc. #31], and Plaintiff's Motion to Compel Discovery [Doc. #30]. For the following reasons, the Motions for Protective Order [Doc. #29 and #31] are GRANTED, and the Plaintiff's Motion to Compel [Doc. #30] is DENIED WITHOUT PREJUDICE.

      Defendants seek to stay discovery pending resolution of their motions to dismiss. They also argue that much of Plaintiff's discovery requests seek sensitive and protected material:

> "Plaintiff's discovery requests seek, among other things, highly sensitive, confidential, and proprietary information regarding Charter One's internal policies and procedures as well [as] Charter One's handling of plaintiff's accounts. That information would include all of Charter One's [] federally mandated anti-money laundering detection policies and procedures. Those policies and procedures would provide plaintiff with a road map on how to avoid tripping the anti-money laundering software that Charter One uses to comply with federal law." Brief in Support of Defendant's Motion [Doc. #29], p. 1.

On April 30, 2013, Charter One filed a motion to dismiss based on Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff has failed to sufficiently state a plausible, non-speculative claim, as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) [Doc. #22]. BANA concurred in that motion [Doc. #27].

"This Court has the discretion to stay discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure pending a resolution of a motion to dismiss." *Williams v. Scottrade, Inc.*, 2006 WL 1722224, *1 (E.D. Mich. 2006)(Duggan, J.). *See also Gettings v. Building Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 304 (6th Cir.2003) (" 'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined' ")(quoting *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir.1999). A stay of discovery is appropriately granted where claims may be dismissed " 'based on legal determinations that could not have been altered by any further discovery.' " *Gettings,* 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Mem. Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir.1995)).

A party may obtain a protective order staying discovery upon a showing of good cause. In *Romar Sales Corp. v. Seddon*, 2013 WL 141133, *2 (W.D.Mich. 2013), the court granted a stay of discovery pending a dispositive motion, explaining that "a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings. Such a motion, therefore, is analogous to a request to modify the case management order, which requires a showing of good cause."

The Defendants have shown good cause for staying discovery. The pending motions to dismiss under Rule 12(b)(6) and *Iqbal* are premised on claimed facial deficiencies in the complaint, and do not require discovery. "The purpose of Fed.R.Civ.P.

12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir.1987). Moreover, given Defendants' allegations that some of the Plaintiff's discovery requests involve protected material, an *in camera* review may be required. Because of the time and resources involved in producing documents for *in camera* review–resources that would be unnecessarily expended if the case is dismissed–the more prudent course would be to stay discovery until the motion to dismiss is decided.[1] Finally, Defendants are under a duty to preserve any evidence relevant to this lawsuit, and the Plaintiff will therefore not suffer any prejudice if the stay is granted.

For these reasons, Defendant Charter One's Motion for Protective Order [Doc. #29] and Defendant BANA's concurrence [Doc. #31] are GRANTED, and discovery is STAYED pending resolution of Defendant's Motion to Dismiss [Doc. #22].

Plaintiff's Motion to Compel Discovery [Doc. #30] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 1, 2013
s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 1, 2013, electronically and/or by U.S. mail.

s/Michael Williams
Relief Case Manager for the
Honorable R. Steven Whalen

---

[1] Plaintiff relies on *Hoxie v. Livingston County*, 2010 WL 822401 (E.D. Mich. 2010)(Majzoub, M.J.). Unlike the present case, however, the defendant in *Hoxie* merely proffered "generic allegations of undue burden and expens[e]."