## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LIFE FOR RELIEF & DEVELOPMENT, a
Foreign Non-For Profit Organization,

                Plaintiff,                    Case No. 12-CV-13550

v.                                        Honorable Denise Page Hood

CHARTER ONE BANK, N.A., a national
banking association, and BANK OF
AMERICA, N.A., a national banking
association,

                Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING THIS ACTION WITHOUT PREJUDICE

This matter comes before the Court pursuant to 42 U.S.C. § 1981. In its second amended complaint, Plaintiff alleges that Defendants Bank of America, N.A. and Charter One Bank, N.A. closed Plaintiff's bank accounts on the basis of race. Now before the Court is Charter One's Motion to Dismiss under Rule 12(b)(6). For the reasons stated below, Defendant Charter One Bank, N.A.'s Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

## I.      BACKGROUND

Founded in 1992, Plaintiff is a humanitarian and charitable organization that is operated and controlled by Arab-Americans of Iraqi descent. Plaintiff draws the

majority of its donations from the Arab-American community.  On or about June 13, 2012, Plaintiff opened several business checking accounts with Charter One. On November 26, 2012, Charter One closed Plaintiff's accounts with notice:

> This notice is delivered to you and your organization in accordance with the mutually agreed upon terms and conditions governing the Account(s) as set out in the Business Deposit Account Agreement (Agreement). Pursuant to the paragraph of the Agreement headed 'Closing your Account', Charter One Bank has the contractual right to close your Account(s) at any time.

Plaintiff's accounts with the following financial institutions were also closed prior to Charter One closing Plaintiff's accounts: Huntington National Bank, Fifth Third Bank, JP Morgan Chase Bank, N.A., and Comerica Bank. Plaintiff believes that Charter One has intentionally discriminated against it because Plaintiff is operated by persons of Arab ancestry. As a result, Plaintiff alleges that Charter One has unlawfully discriminated against it in violation of 42 U.S.C. § 1981.

## II.   ANALYSIS

Charter One brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Charter One argues that Plaintiff's complaint is lacking sufficient factual support for its claim. The Court agrees. Section 1981 prohibits intentional racial discrimination in making and enforcing contracts. *McCormick v. Miami Univ.*, 693 F.3d 654, 659 (6th Cir. 2012) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)). A successful § 1981 claim requires the plaintiff to allege that (1) the plaintiff had a contractual right that the defendant impaired; and (2) racial discrimination drove the defendant's decision to interfere with plaintiff's contractual right. *Williams v. Richland County Children Servs.*, 489 Fed. Appx. 848, 851 (6th Cir. 2012). To survive a motion to dismiss, Plaintiff must allege the statutory and factual basis for its claims. *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007). Although the complaint does not have to present detailed factual allegations, there must be sufficient factual content to allow the Court, armed with "judicial experience and common sense" to

3

"draw the reasonable inference" that the defendant intentionally interfered with or impaired the plaintiff's contractual right on the basis of race. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679).

Plaintiff's complaint does not survive this scrutiny. Plaintiff simply alleges that it opened several accounts with Charter One, that Charter One closed these accounts based on its contractual right to close the account at any time, and that Plaintiff believes that this decision was based on race. Charter One's notice of closure does not provide any reason for the account closures. Plaintiff asserts without any factual basis that Charter One closed the accounts on the basis of race. It does not provide any facts showing why it came to this conclusion or why the Court could reasonably infer that the accounts were closed on the basis of race. Plaintiff does not even allege that Charter One was aware that Plaintiff was operated and controlled by those of Arab ethnicity and descent. Based on the facts alleged in the complaint—Plaintiff opened an account that Charter One subsequently closed—the Court cannot reasonably infer that Charter One is guilty of the alleged wrongdoing.

Plaintiff alleges that there is a pattern of discrimination because several other banks have also closed their accounts with Plaintiff. However, this is a leap that the Court cannot make. Without factual support, Plaintiff asks that the Court impute the alleged misdeeds of one bank to Charter One. The complaint does not give sufficient

4

factual support for the Court to deem that Charter One's conduct was inappropriate. Without any factual support, the Court will not hold Charter One responsible for what may or may not have been a wrongful conduct on the part of another bank.

Plaintiff urges the Court to find its complaint sufficient under the *McDonnell Douglass* test. 411 U.S. 792 (1972); *see also Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001) (explaining that the *McDonnell Douglass* framework is also applied to § 1981 claims). However, the *McDonnell Douglas* test is an evidentiary and not a pleading requirement. *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). Even if the Court were to apply the *McDonnell Douglass* test to Plaintiff's complaint, the complaint does not allege sufficient facts to state a prima facie case. A prima facie case requires Plaintiff to establish by a preponderance of the evidence that: (1) it belongs to a protected class; (2) it sought to make/enforce a contract for services that the defendant ordinarily provides; and (3) it was either denied the right to enjoy the benefits of the contract while similarly situated persons were not, or was treated in a hostile manner that a reasonable person would find objectively discriminatory. *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001). While it is apparent from the complaint that the first two elements are alleged, Plaintiff has presented absolutely nothing to cause the Court to infer that it was treated differently than similarly situated organizations or subjected to hostile treatment that could be

deemed objectively discriminatory. Again, the Court has nothing more before it than Plaintiff opened an account and Charter One closed it. It simply is not enough.

Plaintiff argues that it should be allowed to proceed to discovery to develop the factual allegations of its complaint. However, Plaintiff cannot use discovery to obtain specific facts necessary to craft a plausible complaint, "even when the information needed to establish a claim . . . is solely within the purview of the defendant or a third party." *New Albany Tractor, Inc. v. Louisville Tractor, Inc*., 650 F.3d 1046, 1051 (6th Cir. 2011). Under *Twombly*, Plaintiff is required to provide "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570. Plaintiff has failed to provide any such support. The Court will not allow the parties to proceed into discovery, expending the parties and the Court's resources, in the absence of a complaint that states a plausible basis for relief.

Plaintiff alternatively requests that the Court grant it leave to amend its complaint. A party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty-one days of serving its pleading if no responsive pleading is required. Fed. R. Civ. P. 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Allowing an amendment is within the discretion of the trial court. *See*

6

*General Electric Co. v. Sargent & Lundy*, 916 F. 2d 1119, 1130 (6th Cir. 1990). In evaluating the interests of justice, courts consider several factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1988). An amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). Furthermore, pursuant to Eastern District of Michigan Local Rule 15.1, a party seeking to amend a complaint must attach the proposed amendment to its motion to amend. Plaintiff has not filed a motion to amend nor presented the Court with a proposed amended complaint.

The Court will grant Plaintiff leave to file a motion to amend within 14 days of this order so that the Court can appropriately determine whether any such amendment would be futile.

Accordingly,

IT IS ORDERED that Defendant Charter One Bank, N.A.'s Motion to Dismiss Under Rule 12(b)(6) [Docket No. 22, filed April 30, 2012] is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff may file a motion to amend within

14 days of this order if it chooses.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 23, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 23, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager