UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIFE FOR RELIEF & DEVELOPMENT,

          Plaintiff,

vs                                  Case No: 2:12-13550-CV
                                    Hon. Denise Page Hood

BANK OF AMERICA, N.A.

          Defendant.
_____

| AKEEL & VALENTINE, PLC | MCGUIRE WOODS LLP |
|---|---|
| Shereef H. Akeel (P54345) | Robert A. Muckenfuss |
| William R. Thomas (P77760) | Carlo L. Rodes |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 888 West Big Beaver, Ste. 910 | 201 N. Tyron Street, Ste. 3000 |
| Troy, MI 48084 | Charlotte, NC 28202 |
| (248) 269-9595 | (704) 343-2394 |
| shereef@akeelvalentine.com | rmuckenfuss@mcguirewoods.com |
| wil@akeelvalentine.com | crodes@mcguirewooods.com |

_____

**<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE RELATED TO DENNIS LORMEL'S TESTIMONY OR OPINION</u>**

      **NOW COMES** Plaintiff, LIFE FOR RELIEF & DEVELOPMENT, by and through its counsel, AKEEL & VALENTINE, PLC, for its *Response in Opposition to Defendant's Motion in Limine to Exclude Any Evidence Related to Dennis Lormel's Testimony or Opinion*.

      For the reasons provided in its Brief in Support, Plaintiff respectfully requests that this Honorable Court **DENY** Defendant's Motion.

         Respectfully submitted,

      By: s/ Shereef Akeel
        Shereef Akeel (P54345)
        William R. Thomas (P77760)
        AKEEL & VALENTINE, PLC
        Attorneys for Plaintiff
        888 West Big Beaver Rd., Suite 910
        Troy, MI 48084-4736
        (248) 269-9595
        shereef@akeelvalentine.com
Dated: July 29, 2016      wil@akeelvalentine.com

**PROOF OF SERVICE**

The undersigned certifies that on the 29th day of July, 2016, the document(s) and exhibit(s) contained herein were served upon counsel of record via the court's electronic filing and notification system.

      s/ William Thomas

ii

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIFE FOR RELIEF & DEVELOPMENT,

           Plaintiff,

vs                                       Case No: 2:12-13550-CV
                                            Hon. Denise Page Hood

BANK OF AMERICA, N.A.,

           Defendant.
_____

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE RELATED TO DENNIS LORMEL'S TESTIMONY OR OPINION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………….v

COUNTER-ISSUES PRESENTED……………………………………….vi

STATEMENT OF MOST CONTROLLING AUTHORITY…………………….vii

COUNTER-STATEMENT OF FACTS………………………………………1

ARGUMENT……………………………………………………………….3

    I.     Mr. Lormel's deposition testimony is an admission of a party opponent and non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(C), as Defendant authorized Mr. Lormel to testify about certain matters and Mr. Lormel gave testimony within the scope of that authorization………………………………………3

        A. Non-Hearsay Under Fed. R. Evid. 801(d)(2)(C) Concerns Authorized Admissions, Not Agency or Control, and Mr. Lormel's Testimony is Properly Seen as a Party Admission…….3

    II.    Alternatively, if Mr. Lormel's testimony is found to be hearsay, it is admissible under Fed. R. Evid. 804(b) as Mr. Lormel gave prior sworn testimony and he is unavailable to testify at the forthcoming trial…………………………………………………….7

    III.   Alternatively, if Mr. Lormel's testimony is found to be hearsay, it is admissible under the Residual Hearsay Exception of Fed. R. Evid. 807 as all of the conditions precedent to admissibility are present…………………………………………………………9

CONCLUSION…………………………………………………………...11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                       **Page**

*Barnett v. Hidalgo*, 732 N.W.2d 472 (Mich. 2007)……………………………...4

*Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980)……………………….…..5

*Dean v. Watson*, 1996 WL 88861 (N.D. Ill. Feb. 28, 1996)………………………..5

*Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422 (1997)…………..….4

*Kirk v Raymark Indistries, Inc.*, 61 F.3d 147 (3d Cir. 1995)……………………….3

*Long v. Fairbank Farms, Inc.*, 2011 WL 2516378 (D. Me. May 31, 2011)…….4, 5

*N. Star Mut. Ins. Co. v. CNH Am. LLC*, 2014 WL 897023 (D.S.D. Mar. 6, 2014)……………………………………………………………5

*Schering Corp. v. Pfizer Inc.*, 189 F.3d 218 (2d Cir. 1999)……………………..3, 4

**Statutes and Rules**                                                      **Page**

Fed. R. Civ. P. 45……………………………………………………………….......8

Fed. R. Evid. 801………………………………………………………………….*Passim*

Fed. R. Evid. 804………………………………………………………………….....7

Fed. R. Evid. 804………………………………………………………………….......9

**Other Authorities**                                                       **Page**

30B Michael H. Graham, Federal Practice and Procedure § 7022 (4th ed.2006)….4

# COUNTER-ISSUES PRESENTED

I. A non-hearsay, party admission under FRE 801(d)(2)(C) is present and admissible where a person is authorized by a party opponent to speak on its behalf. Pursuant to its Rule 26 Expert Disclosure, Defendant authorized Mr. Lormel to speak about numerous matters related to risk, Plaintiff's bank accounts, and Defendant's procedures in closing bank accounts, and he testified to such matters. As non-hearsay, is Mr. Lormel's testimony admissible?

      Plaintiff Answers: Yes

II. Even if testimony is hearsay, under FRE 804(b), if a witness is unavailable to testify at trial, but gave prior sworn testimony subject to cross examination, the testimony is admissible. Mr. Lormel is unavailable to testify at trial—being outside the subpoena power of the Court; but, he did give sworn testimony at his deposition and was cross examined by Defendant. Is the 804(b) exception present and Mr. Lormel's testimony admissible?

      Plaintiff Answers: Yes

III. FRE 807's Residual Hearsay Exception applies if certain factors of trustworthiness and materiality are met, and reasonable notice is given. Mr. Lormel gave sworn testimony, about many matters directly relevant to this case, Defendant had reasonable notice of the use of such testimony, and no factors counsel against excluding such testimony. Is the Residual Hearsay Exception present and Mr. Lormel's testimony admissible?

      Plaintiff Answers: Yes

# **STATEMENT OF MOST CONTROLLING AUTHORITY**

The controlling or most appropriate authority for the relief sought in this Response includes:

*Long v. Fairbank Farms, Inc.*, 2011 WL 2516378 (D. Me. May 31, 2011)

*Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980)

*N. Star Mut. Ins. Co. v. CNH Am. LLC*, 2014 WL 897023 (D.S.D. Mar. 6, 2014)

Fed. R. Civ. P. 45

Fed. R. Evid. 801

Fed. R. Evid. 804

Fed. R. Evid. 804

## **COUNTER-STATEMENT OF FACTS**

On or about November 14, 2014, Defendant served Plaintiff with its Rule 26 Expert Witness Disclosure, identifying Dennis M. Lormel[1] as its expert "which BANA reserves the right to call as an expert at trial[.]" (**Ex. A**, Expert Witness Disclosure, p. 2).  Defendant represented that that Mr. Lormel's  anticipated testimony concerns *"anti-money laundering laws",* and that his *"expertise and anticipated testimony also extends to banking/financial services industry standards concerning internal bank account investigations and risk assessment."* (*Id.*). Defendant also authorized and designated Mr. Lormel to "*opine on the procedures adhered to, and steps taken in closing the subject accounts*[.]" (*Id.*).

On or about December 16, 2014, Mr. Lormel was deposed by Plaintiff in which he was subject to cross examination by Defendant. (*See* Doc. 77-17, Lormel Tr., PgID # 1375-1417). There, Mr. Lormel gave specific testimony, within the scope of his expertise, about risk assessment, anti-money laundering law, and Plaintiff's accounts, as authorized by Defendant as its designated expert:

> *Q. Do you have an opinion why a segment of the population—of the American population, persons of Arab ethnicity, seem to be experiencing these type of bank closures in comparison to other segments of the population that are not of Arab ethnicity?*
>
> *. . .*
>
> ***A. I would attribute it to risk.***

---

[1] The address Defendant provided for Mr. Lormel is for his company "DML Associates, LLC", with a contact address of 19309 Winmeade Drive, #110, Lansdowne, VA 20176.

1

> *Q. [W]hen you say risk, what do you mean?*
>
> ***A. Where the entities have identified them, fairly or unfairly, as high-risk.***
>
> . . .
>
> *Q. As you sit here today, based on the records that you've looked at, have you been able to discover any evidence of any illegal act at all committed by Life?*
>
> ***A. No.***

(*Id.*, PgID # 1404 (pp. 114:7-19; 115:5-8)).

Additionally, in May 2014, Defendant blanketly objected to Plaintiff's request to depose a Rule 30(b)(6) witness (*see* Doc. 93-5, Objection to Rule 30(b)(6) Notice, PgID # 1592-96), and simply refused to identify or designate any Rule 30(b)(6) corporate representative. Some of the topics Plaintiff sought to have Defendant's Rule 30(b)(6) witness testify to were: (1) Knowledge of the procedures, practices and controls that were in effect in 2012 in accessing accounts of customers for the purpose of maintaining or closing their bank account; (2) knowledge regarding the closure of Plaintiff's bank accounts; and (3) knowledge of policies, procedures and controls that would cause Defendant to close bank accounts of its customers. (*Id.*, PgID # 1594-95).

However, six months later, after denying Plaintiff an opportunity to depose a Rule 30(b)(6) witness, Defendant disclosed Mr. Lormel as the designated representative or expert to testify to matters concerning risk assessment, anti-money laundering laws, and the closure of Plaintiff's accounts. (**Ex. A**, p. 2).

2

Defendant now moves to exclude Mr. Lormel's deposition testimony. As provided below, Plaintiff disagrees and responds as follows.

## ARGUMENT

**I. Mr. Lormel's deposition testimony is an admission of a party opponent and non-hearsay pursuant to Fed. R. Evid. 801(d)(2)(C), as Defendant authorized Mr. Lormel to testify about certain matters and Mr. Lormel gave testimony within the scope of that authorization.**

In Defendant's Motion, it avers that Mr. Lormel's testimony is hearsay and inadmissible. (Doc. 101, PgID # 1757). Further, Defendant argues, specifically, that because Mr. Lormel is not an agent or employee of Defendant, his statements are not party admissions. (*Id.*, PgID # 1758). In support of the latter proposition, Defendant assumingly relies on Fed. R. Evid. 801(d)(2)(D) and *Kirk v Raymark Indistries, Inc.*, 61 F.3d 147 (3d Cir. 1995). (*See, id.*).

As explained below, the basis for Defendant's Motion is irrelevant as Mr. Lormel's testimony is a non-hearsay party admission under Fed. R. Evid. 801(d)(2)(C) based on Defendant's authorization to allow Mr. Lormel to testify to the matters it outlined in its Rule 26 Expert Disclosures.

### A. Non-Hearsay Under Fed. R. Evid. 801(d)(2)(C) Concerns Authorized Admissions, Not Agency or Control, and Mr. Lormel's Testimony is Properly Seen as a Party Admission.

Under Fed. R. Evid. 801(d), "'[a]dmissions by a party opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system, rather than satisfaction of the conditions of the hearsay rule.'" *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 238

3

(2d Cir. 1999) (quoting Fed. R. Evid. 801(d)(2) advisory committee's note). Accordingly, "[t]he Advisory Committee thus recommends 'generous treatment of this avenue to admissibility.'" *Id.*

Under Fed. R. Evid. 801(d), certain statements are specifically defined as "not hearsay[.]" *Id.* One of enumerated types of statements are party admissions "offered against an opposing party and . . .[were] made by a person whom the party authorized to make a statement on the subject[.]" Fed. R. Evid. 801(d)(2)(C). *In addition* to that type of non-hearsay, the rules of evidence also state, separately, that admission by a party's "agent or employee" are non-hearsay. 801(d)(2)(D).

As the plain language of the rule provides, "FRE 801(d)(2)(C) and (D) are presented in the disjunctive and should not be collapsed into one rule. If the separate requirements of either (C) or (D) are met, the expert's deposition testimony will be an admission by a party-opponent." *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 424 (1997). As to the former, "FRE 801(d)(2)(C) applies to a person who is not an agent but is 'authorized' to speak." *Id.* See also *Barnett v. Hidalgo*, 732 N.W.2d 472, 479 n. 6 (Mich. 2007) (same).

Moreover, "'[a]uthorization to make a statement concerning the subject matter *may, of course, be established by the acts or conduct of the principal* or his statements to the agent or a third party." *Long v. Fairbank Farms, Inc.*, 2011 WL 2516378, at *9 (D. Me. May 31, 2011) (quoting 30B Michael H. Graham, Federal Practice and Procedure § 7022, at 243 (4th ed.2006)) (emphasis added) (**Ex. B**).

4

Numerous courts have found that an expert's statements, including deposition testimony, are authorized statements and party admissions under Fed. R. Evid. 801(d)(2)(C). As the District Court of Maine held:

> I conclude that the testimony of Dr. Zirnstein on which Fairbank relies is admissible pursuant to Rule 801(d)(2)(C). It is clear that Dr. Zirnstein was authorized by GOPAC to make the statements that he made during his December 2010 deposition. While GOPAC did not expressly authorize Dr. Zirnstein to make 'admissions,' it expected him to testify impartially within the sphere of his expertise as to his independently formed opinions. *He did exactly that. Therefore, he was authorized by GOPAC to make a statement concerning the subject matter about which he testified[.]*

*Long*, at * 10 (emphasis added). *See also, id.* (collecting cases and authority).

Likewise, other courts agree. *See, e.g.*, *Collins v. Wayne Corp.*, 621 F.2d 777, 781–82 (5th Cir. 1980); *Dean v. Watson*, 1996 WL 88861, at *3-4 (N.D. Ill. Feb. 28, 1996) (agreeing under 801(d)(2)(C), "[a]s Defendant's expert, Berk was authorized by Defendant to make statements regarding the issues in this cause of action.") (**Ex. C**). As one district court recently opined,

> [u]nder Rule 801(d)(2)(C), statements offered against an opposing party are not hearsay if the statement 'was made by a person whom the party authorized to make a statement on the subject[.]' Hawken was retained by CNH to give an opinion regarding whether the combine has a design defect. *CNH's retention and listing of Hawken as its expert witness is evidence that CNH authorized Hawken to make a statement on the subject on its behalf. CNH cannot pick and choose which statements of Hawken are admissible*.

*N. Star Mut. Ins. Co. v. CNH Am. LLC*, 2014 WL 897023, at *3–4 (D.S.D. Mar. 6, 2014) (emphasis added) (**Ex. D**). Likewise, the *North Star Mutual* Court held the expert's statements were admissible under Fed. R. Evid. 801(d)(2)(C). *Id.*

5

Here, Mr. Lormel's deposition testimony is non-hearsay. Consistent with the foregoing authority and the language of Rule 801(d)(2)(C), Mr. Lormel was designated by Defendant as its expert witness in its November 2014 Rule 26 Expert Disclosures. Therein, Defendant specifically stated that Mr. Lormel was designated as an expert and authorized to testify about risk assessment, the policies and procedures for investigating and closing a bank account, as well as why Plaintiff's bank accounts were closed. During his deposition, Mr. Lormel gave testimony as he was authorized to do. This testimony included that Arab Americans have bank accounts closed due to the risk associated with their ethnicity, and based on the records he reviewed, Mr. Lormel did not discovery any evidence of any illegal acts committed by Plaintiff.

Moreover, in May 2014, Defendant objected to Plaintiff's request to depose a corporate representative who could testify about its policies and procedures for investigating and closing a bank account, as well as why Plaintiff's bank accounts were closed. Instead, six months later in November 2014, Defendant designated Mr. Lormel as the person who would provide such testimony. Meaning, Defendant's actions and words persuasively show that Mr. Lormel was its authorized and designated person to speak about such matters.

Accordingly, consistent with the above opinions by the *Long* and *North Star Mutual* Courts, by Defendant objecting to a Rule 30(b)(6) witness in lieu of Mr. Lormel, by listing Mr. Lormel as an expert, and outlining the bounds of his

expertise, Defendant acted and affirmatively authorized Mr. Lormel to testify as he eventually did. Given that authorization, Mr. Lormel's testimony, *as a whole*, was authorized by Defendant and is non-hearsay under 801(d)(2)(C).

**II.     Alternatively, if Mr. Lormel's testimony is found to be hearsay, it is admissible under Fed. R. Evid. 804(b) as Mr. Lormel gave prior sworn testimony and he is unavailable to testify at the forthcoming trial.**

Alternatively, if Mr. Lormel's testimony is deemed to be hearsay, his unavailability to testify is an exception to the hearsay rule.

Under Fed. R. Evid. 804(b),

> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> **(1) Former Testimony.** Testimony that:
>
> **(A)** was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> **(B)** is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1).

For a witness to be "unavailable" for purposes of this exception, the witness "**(5)** is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . . **(A)** the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6)[.]" Fed. R. Evid. 804(a)(5)(A). As the Advisory Committee Notes affirm, "[a]bsence from the hearing coupled with inability to compel attendance by process or other reasonable means also satisfies the requirement." *Id.* (citing McCormick § 234).

7

Regarding subpoenaing witnesses for trial, Fed. R. Civ. P. 45 holds that a subpoenaed witness may not be compelled to testify at trial if the trial is more than "100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). Indeed, this Honorable Court "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." *Id.*, 45(d)(3)(A)(ii).

Here, the 804(b) exception should apply. Initially, Mr. Lormel is unavailable to testify because he cannot be subpoenaed in this case. Mr. Lormel's contact information provided by Defendant has his address in Lansdowne, Virginia. That is more than 500 miles from this trial. (**Ex. E**). Meaning, Mr. Lormel is outside of the subpoena power of this Court. Further, Defendant, regarding other like witness, has indicated its intent to object to any subpoena of witnesses who are more than 100 miles outside of this Court's jurisdiction.

Thus, any subpoena sought by Plaintiff would be quashed given Fed. R. Civ. P. 45(c) and (d). Mr. Lormel is, therefore, unavailable. Also, Mr. Lormel was previously deposed, under oath, and was subject to cross examination by Defendant. Accordingly, all of the requirements for the exception under Fed. R. Evid. 804(b) are present.

Therefore, Mr. Lormel's testimony is admissible and should be allowed.

**III.    Alternatively, if Mr. Lormel's testimony is found to be hearsay, it is admissible under the Residual Hearsay Exception of Fed. R. Evid. 807 as all of the conditions precedent to admissibility are present.**

Under Fed. R. Evid. 807(a), "a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804" if certain conditions are met. *Id.* To begin with, four elements must be present:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807(a)(1)-(4). Also, "[t]he statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b).

Here, the requirements of 807 are met for admissibility. As for the first four requirements: (1) Mr. Lormel testified as his deposition under oath, subject to cross examination, giving his testimony guarantees of trustworthiness; (2) he testified about, *inter alia*, persons of Arab ethnicity being a risk to banks, circumstantially showing a relationship between a person's race or ethnicity and the closure of their accounts, which is the key issue in this case; (3) this testimony directly supports

9

the key issue in this case, giving it high probative value, and there is no evidence in the record as strong as this evidence; and (4) this admission will allow the jury, along with other evidence offered, to determine if Plaintiff's civil rights were violated, thus supporting the rules of evidence and justice.

Finally, in preparation of the parties' Joint Final Pretrial Order, Plaintiff designated Mr. Lormel's testimony about certain matters, including his admission on risk and Arab persons. (**Ex. F**, Def. Amended Joint Final Pretrial Order, pp. 17-19). Defendant was notified of this and provided counter-designations to Mr. Lormel's testimony in response. (*Id.*). Thus, Defendant has been reasonably notified of the use of Mr. Lormel's testimony. Further, being Defendant's own expert, Defendant is aware of Mr. Lormel's contact information and whereabouts.

Accordingly, all the requirements under Fed. R. Evid. 807 are met. Therefore, Mr. Lormel's testimony should be deemed admissible.

## **CONCLUSION**

**WHERFORE**, based on the foregoing, Plaintiff respectfully requests that this Honorable Court **DENY** Defendant's Motion.

                                            Respectfully submitted,

By:  s/ Shereef Akeel
       Shereef H. Akeel (P54345)
       William R. Thomas (P77760)
       AKEEL & VALENTINE, PLC
       Attorneys for Plaintiff
       888 West Big Beaver Rd., Suite 910
       Troy, MI 48084-4736
       (248) 269-9595
       shereef@akeelvalentine.com
Date: July 29, 2016          wil@akeelvalentine.com