# EXHIBIT C

KeyCite Yellow Flag - Negative Treatment
Declined to Follow by   St. Paul Fire and Marine Ins. Co. v. Nolen Group, Inc.,   E.D.Pa.,   August 31, 2007

1996 WL 88861
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

Demond DEAN, a minor, by his mother and next friend, Mattie Williams, Plaintiff,

v.

Michael WATSON, individually, Defendant.

No. 93 C 1846.
|
Feb. 28, 1996.

*MEMORANDUM OPINION AND ORDER*

NORDBERG, District Judge.

*1 Before the Court are Plaintiff Demond Dean's Motion in Limine to Bar Testimony of Defendant's Expert, Robert Berk ("Berk"); Defendant Michael Watson's Motion in Limine to Reconsider or for Clarification of the Court's Order Regarding Plaintiff's Motion for Leave to Read Before the Jury Portions of Defendant's Expert, Robert Berk's, Deposition as an Admission; Defendant Michael Watson's Motion in Limine to Bar Statements contained in the Grand Jury Testimony; and Defendant Michael Watson's Motion in Limine to Bar Statements Contained in the Chicago fire Department Report.

I. BACKGROUND FACTS

In Count I of Plaintiff's Second Amended Complaint, Plaintiff brings a claim, pursuant to 42 U.S.C. § 1983, against Defendant for violation of his Fourth Amendment constitutional rights. (Second Amended Complaint, ¶ 11.) Plaintiff contends that Defendant used excessive force without justification when defendant shot and wounded Plaintiff in the right shoulder. *Id.* at ¶ 8. In Count II of Plaintiff's Second Amended Complaint, Plaintiff claims that Defendant's acts constituted assault and battery under the laws of the state of Illinois. (Second Amended Complaint, ¶ 15).

In response, Defendant filed a Counterclaim against Plaintiff for assault and battery. (Counterclaim at ¶¶ 1, 8.) In his Counterclaim, Defendant alleges that on April 8, 1992, he and several other officers of the Chicago Housing Authority Police were investigating narcotics sales at 3739 S. Federal, Chicago, Illinois. *Id.* at ¶ 5. The Counterclaim alleges further that, upon witnessing Plaintiff/Counter-Defendant engaged in the sale of narcotics, the officers approached to make an arrest. *Id.* at ¶ 7. When Plaintiff/Counter-Defendant observed the officers approaching him, he attempted to flee and in the process knocked down Defendant/Counter-Plaintiff. *Id.* According to Defendant/Counter-Plaintiff, his gun discharged when he fell shooting Plaintiff in the right shoulder.

At a hearing on September 21, 1994, this Court ordered that all testing and inspections of the clothing were to be conducted in the presence of both sides experts. Despite this order, it was revealed at the deposition of defendant's expert, taken on September 27, 1994, that Berk had examined and tested the subject clothing outside of the presence of Plaintiff's expert and without notice to Plaintiff. The Court held

in its Memorandum Opinion and Order issued on December 1, 1994 that both Plaintiff and Defendant are prohibited from introducing into evidence the results of and the conclusions drawn from any test not performed in the presence of the opposing side's experts. In addition, the Court confirmed its Order of September 21, 1994 requiring that all examinations of Plaintiff's clothes be performed jointly in the presence of both the Plaintiff's and the Defendant's experts. The Court placed no other limitations on the admissibility of the testimony of Berk at trial.

## II. ANALYSIS

### A. PLAINTIFF'S MOTION IN LIMINE TO BAR TESTIMONY OF DEFENDANT'S EXPERT, ROBERT BERK

**\*2** Plaintiff moves the Court to bar the testimony of Defendant's expert, Robert Berk. Pursuant to the Court's order of November 8, 1995, Defendant specified in a letter dated November 13, 1995 the opinions of Berk that he intended to introduce at trial. The opinions deal exclusively with the subject of bullet trajectory, that is, which holes in the clothing were caused by the entrance of the bullet and which holes were caused by the exit of the bullet. Plaintiff claims that such opinion evidence should be excluded because (1) Berk does not possess the expertise to opine on the subject, and (2) the bases for the opinion comes from Berk's examination of the clothing outside the presence of Plaintiff's expert and counsel in direct violation of this Court's order of September 21, 1994.

Under Rule 702, of the Federal Rules of Evidence, expert testimony is admissible only if it will be helpful to the jury. *United States v. Benson,* 941 F.2d 598, 604 (7th Cir. 1991). "An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge or experience to formulate that opinion, the opinion must be an expert opinion (that is, an opinion by the witness' expertise rather than simply an opinion broached by a purported expert.)" *Id.* [1]

Petitioner argues that Berk testified that he has not taken course work in the field of bullet trajectory, (Berk's Deposition, p. 193), that he has not studied any treatise on the subject, *Id.,* and that he has never testified as to where entry holes and exit holes were located. *Id.* at 192. Finally Berk's curriculum vitae shows nothing that would draw one to the conclusion that he is competent to testify as to bullet trajectory.

In response, Defendant admits that Berk never took any formal courses regarding the topic of bullet trajectory and that he has never testified in court on the issue. However, Defendant also notes that Berk testified that part of his original training in making distance determinations involved the identification of entrance and exit holes and determining the path of a bullet projectile. (Berk's Deposition, p. 192). Berk did not elaborate further on how extensive this original training was or whether he has on the job experience applying whatever skills he learned in his original training. Defense counsel has, however, made assertions, that Berk told him, outside of his depositions, and not in any affidavits, that Berk has worked on over one hundred cases in which he has examined clothing and determined which holes were caused by the entrance and exit of a bullet. Berk also told defense counsel that he was trained in making such determination by a firearm examiner, who received their training from the Federal Bureau of Investigation. Such statements are hearsay, therefore, this Court can not base a holding on such assertions. However, if Berk can testify under oath to his extensive experience in examining clothing to identify which holes in clothing were caused by the entrance and which holes were caused by the exit of bullets, then Berk's experience, along with his original training, would qualify him as an expert.

**\*3** Plaintiff further asserts that Berk's opinions regarding the bullet trajectory are based on the testing and inspections of the clothing that he performed outside of the presence of both experts, and therefore, the opinion is inadmissible pursuant to this Court's Memorandum Opinion and Order dated December 1, 1994.

Specifically, Berk testified that his opinions with regard to bullet trajectory were based on his taking a pencil and "working" it thorough the several perforations, (Berk's Deposition, p. 131), and on the fact that the gunshot residue, which he removed, was found at the lower hole and not at the top hole. *Id.* at 191. Both of these studies were performed outside of the presence of Plaintiff's expert and counsel.

Defendant responds by admitting that Berk's opinion was partly based on the gunshot residue, and that testimony regarding gunshot residue was barred by the Court. However, Defendant claims that Berk's opinion was also based on the shape of the hole and the nature of damage to the hole. This does not involve testing conducted outside the presence of Plaintiff's expert and therefore is not prohibited. This Court finds that Berk's opinion testimony regarding the bullet trajectory is admissible if Berk can reach his conclusions based solely on the examination of the shape of the hole and the nature of damage to the hole, as opposed to gun powder testing.

### B. MOTION TO RECONSIDER OR FOR CLARIFICATION OF THE COURT'S ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO READ BEFORE THE JURY PORTIONS OF DEFENDANT'S EXPERT, ROBERT BERK'S, DEPOSITION AS AN ADMISSION

Defendant moves the Court to reconsider its ruling regarding Plaintiff's Motion to Read Portions of Robert Berk's Deposition as an admission against Defendant, or in the alternative, to allow Defendant to introduce into evidence matters which were barred by the Court's December 24, 1994 order. Plaintiff has not filed a response to this Motion.

On November 16, 1995, this Court held as follows:

> Plaintiff moves for leave to read before the jury portions of Robert Berk's deposition as an admission. As explained above, neither Plaintiff nor Defendant may introduce into evidence the results of and the conclusions drawn from any test performed by Berk not performed in the presence of the opposing side's experts. However, either Plaintiff or Defendant may call Berk as an expert witness subject to the Court's limitations.
>
> Rule 32(a)(1) of the Federal Rules of Civil Procedure provides that "[a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(1). Federal Rule of Evidence 801(d)(2)(C) provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a person authorized by the party to make a statement concerning the subject." Fed. R. Civ. P. 801(d)(2)(C). At issue is whether the excerpts of Berk's testimony are admissible under Rule 801(d)(2)(C). "[Federal Rule of Civil Procedure 32] does not limit the admissibility of depositions that are otherwise admissible under the Federal Rules of Evidence." 4A *Moore's Federal Practice* ¶¶ 32.02[1], 32.04.
>
> *4 Plaintiff's Motion in limine for leave to read before the jury portions of Berk's deposition is granted only as to those statements that are admissible pursuant to Federal Rule of Evidence 801(d)(2)(C). As Defendant's expert, Berk was authorized by Defendant to make statements regarding the issues in this cause of action. *See, Collins v. Wayne Corp.*, 621 F.2d 777, 782 (5th Cir. 1980).
>
> Defendant claims that Plaintiff should not be allowed to introduce Berk's deposition testimony as an admission because it would distort Berk's testimony by giving the jurors an incomplete recitation of the facts. However, under the doctrine of completeness, Defendant is permitted to read other parts of Berk's deposition in order to avoid misleading the jury and to explain the portions of the deposition read by Plaintiff. Federal Rule of Civil Procedure 32(a)(4) specifically provides:

> If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness be considered with the part introduced, and any party may introduce any other parts.
>
> Fed. R. Civ. P. 32(a)(4). Therefore, Plaintiffs motion in limine is granted provided that Defendant may offer into evidence the relevant parts of Berk's deposition that are necessary to give the jurors a complete recitation of the facts at issue and the meaning of the statements made by Berk.

(Memorandum Opinion and Order, November 16, 1995, pp. 19-21) (footnote omitted).

Defendant's asks the Court to reconsider this holding because (1) it is impractical to comply with the Court's order because it would require that matters barred by the Court be introduced in order to give the jurors a complete recitation of the facts; (2) it is not clear that the statements which Plaintiff seeks to introduce are admissions; and (3) other jurisdictions have held that testimony of an expert cannot be introduced as an admission by a party.

First, this Court adheres to its December 12, 1994 Memorandum Opinion and Order in which the Court stated that "the parties are prohibited from introducing into evidence the results of and the conclusions drawn from any test not performed in the presence of the opposing side's expert. Any evidence regarding the infrared photographs will be admissible absent further objections." (Memorandum Opinion and Order, December 12, 1994, p. 18).

Defendant explained that Berk was questioned about infrared photographs which were taken by Robert Sadtler and Monica Sweat of the forensic photography unit of the Chicago Police Department. Berk testified that the infrared photographs did not show anything, but that the fact that there was no positive showings did not mean that Defendant was more than four feet away from Plaintiff when the weapon was fired. Berk explained that the gunshot residue which would show up on infrared photographs could easily have been brushed off when the clothing was handled prior to being photographed, and therefore, the photographs are inconclusive. Such evidence regarding the infrared photographs is admissible and it gives the jury a complete view of the meaning of the testimony regarding the photographs. Berk also performed three tests outside of the presence of Plaintiff's experts from which he concluded that the gun was fired at a close range. Such conclusions are not admissible under the Court's December 12, 1994 Order.

*5 Second, Defendant claims that the first page of the testimony sought to be read by Plaintiff is mere background information, such as Berk's highest degree of education and that he received his bachelor's degree in biology with education, from the University of Illinois. Therefore, Defendant argues that such statements are not admissions because they are not against a parties' interest. Nevertheless, the Court finds that the introductory statements are admissible as background information so that Berk's testimony may be viewed by the jury in context.

Defendant also claims that this Court should reconsider its holding that a statement by an expert may be read to the jury as an admission. Defendant admits that the Fifth Circuit in *Collins v. Wayne Crop.*, 621 F.2d 777, 782 (5th Cir. 1980) held that the deposition testimony of an expert employed by the defendant to investigate an accident was an admission under 801(d)(2)(C). However, Defendants ask the Court to follow the Third Circuits holding in *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 163 (3d Cir. 1995), where the court held that the testimony of the defendant's expert from prior unrelated litigation was not admissible as an admission by a party opponent. Defendant further cites the holding of the Illinois Supreme Court in *Taylor v. Kohali*, 162 Ill. 2d 91, 642 N.E.2d 467, 468 (1994), where the court held that "an expert witness is not an agent of the party calling him, and therefore cannot make admissions against the party's interest."

Case 2:12-cv-13550-DPH-RSW ECF No. 110-3, PageID.1996 Filed 07/29/16 Page 6 of 7

Dean v. Watson, Not Reported in F.Supp. (1996)

The Court finds that the instant case is more analogous to *Collins* than to *Kirk,* and therefore, the Court adheres to its holding that Berk's testimony is admissible under Federal Rule of Evidence 801(d)(2)(C). The court in *Kirk* held that the expert's witness was inadmissible because the court was "unwilling to adopt the proposition that the testimony of an expert witness who is called to testify on behalf of a party in one case can later be used against that same party in unrelated litigation, unless there is a finding that the expert witness is an agent of the party and is authorized to speak on behalf of that party." *Kirk,* 61 F.3d at 164. In the instant case, the testimony at issue was taken regarding the present litigation, not prior litigation that was unrelated to the incident at issue.

In *Collins,* the defendant employed an expert to investigate and analyze a bus accident. The expert then gave a deposition, which was the function that the defendant had employed him to perform. Therefore the court concluded that the expert's "report on his investigation and his deposition testimony in which he explained his analysis and investigation was an admission of [the defendant]." *Collins,* 621 F.2d at 782.

In the instant case, Berk worked for the Chicago Police Department Crime Laboratory. Defendant asserts that Berk was not paid by Defendant for the tests on the clothing that Plaintiff was wearing at the time of the incident, but that he performed the tests as part of his job for the Chicago Police Department. Nevertheless, Berk was authorized by Defendant to make a statement concerning the subject of Plaintiff's clothing, and therefore, Berk's deposition is an admission. *See* Michael H. Graham, *Federal Practice and Procedure: Evidence* § 6722, at 502 (Interim Edition 1992).

*6 Another court in the Northern District of Illinois relied on *Collins* to find that statements made by a party's expert was admissible as an admission. The court in *In re the Chicago Flood Litigation,* 93 C 1214, 1995 WL 437501 at *10 (N.D. Ill. July 21, 1995) held:

> A party's pleadings and expert reports often constitute party admissions pursuant to Fed. R. Evid. 801(d)(2). *See Collins* [621 F.2d at 781]. Evidence that plaintiffs or their experts themselves agree with aspects of the city's case is strongly probative.

*Id.* (citation omitted).

Therefore, parts of Berk's deposition that constitute an admission of a party opponent pursuant to 801(d)(2)(C) are admissible.

## C. DEFENDANT'S MOTION IN LIMINE TO BAR STATEMENTS CONTAINED IN THE GRAND JURY TESTIMONY

Defendant moves to bar his testimony, or reference to the testimony, taken before the grand jury on April 30, 1992, unless Plaintiff first establishes outside the presence of the jury that it is material and relevant to any issue in the case. The grand jury testimony of Michael Watson concerns Plaintiff Demond Dean's involvement in drug transactions on April 8, 1992. Michael Watson testified that he observed Plaintiff exchange clear plastic bags for cash on numerous occasions, and that Plaintiff dropped a brown bag on the ground containing drugs and money.

Plaintiff accurately responds that Defendant's motion pertaining to Defendant's grand jury testimony does not offer any argument as to why the statements would not be admissible under Federal Rule of Evidence 801(d)(2). In addition, the Court does not see why such testimony would not be material and relevant to this case.

Furthermore, Plaintiff claims that Defendant has waived any objection to the admissibility of the grand jury testimony because the testimony was listed as Plaintiff's Exhibit 1 in the pretrial order which was entered by the Court on August 17, 1995. Defendant made no objections to the exhibit at that time, but they did object to other exhibits. Plaintiff asserts that it would be unfair on the eve of trial to bar the grand jury testimony.

The Court finds that without a more specific and more compelling objection by Defendant to the admissibility of the grand jury testimony, such testimony is admissible. Defendant will have one last opportunity to supplement its objection after jury selection but before the opening statements.

### D. DEFENDANT'S MOTION IN LIMINE TO BAR STATEMENTS CONTAINED IN THE CHICAGO FIRE DEPARTMENT REPORT

Defendant moves in limine to bar any reference to certain matters contained in the Chicago Fire Department EMS Mobile Intensive Care Unit report, without raising the matters outside the presence of the jury and establishing the proper foundation.

The Chicago Fire Department report contains the comment that "wound appear to be XXXX on top and exit in middle," and it contains a diagram drawn by Robert Nelson indicating the entrance of the bullet.

Plaintiff responds that Defendant has waived any objections as to the Fire Department report because it, like the grand jury testimony, was listed as one of Plaintiff's exhibits in the pretrial order entered by this Court on August 17, 1995. Defendant did not object to the report at that time, although he did object to other exhibits listed by Plaintiff. Plaintiff argues that his expert, Kenneth Siegesmund, based his deposition testimony on the Chicago Fire Department report. (Kenneth A. Siegesmund's Deposition, p. 83). Plaintiff asserts that it would be unjust to bar the exhibit on the eve of trial, and to do so would severely prejudice Plaintiff since their expert relied on the Fire Department report.

*7 Moreover, Plaintiff is able to lay a foundation for the Chicago Fire Department report by Robert L. Nelson. Nelson testified in his deposition that he had treated or transported approximately 20 to 30 shot victims in his work on the ambulance that treated Plaintiff after he was shot. (Robert L. Nelson's Deposition, p. 8). In addition, Nelson testified that it is his signature and his file identification number that appears on the Fire Department report. *Id.* at p. 9.

Without a more specific objection by Defendant as to why the Chicago Fire Department report is inadmissible, the Court will not bar Plaintiff from using the report as evidence. Defendant will have one last opportunity to supplement its objection after jury selection but before opening statements.

**All Citations**

Not Reported in F.Supp., 1996 WL 88861

Footnotes
1    Federal Rule of Evidence 702 provides that:
       If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
       Fed. R. Evid. 702.

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.